===============================================================================
# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (BALTIMORE)
===============================================================================

| | |
|---|---|
| MICHAEL O. LIVINGSTONE : | |
| : | |
| *Plaintiff* : | |
| : | |
| vs. : | |
| : | Civil Case No: 22-3096-LKG |
| WALDEN UNIVERSITY, LLC : | |
| : | |
| *Defendant* : | |

===============================================================================
**Plaintiff's Notice of Intent to File Emergency Motion for Fed. R. Civ. Proc. 65 Preliminary Injunction this week of January 17-20, 2023**
===============================================================================

Respectfully, NOTICE IS HEREBY GIVEN to this Honorable Court in compliance with Section II (A)(1-2) of the presiding Honorable U. S. District Judge Lydia Kay Griggsby's case management order (ECF No.18) that Plaintiff Mr. Michael Osei Livingstone, *pro se* ("Plaintiff") intends to file an emergency motion for *Preliminary Injunction* under Fed. R. Civ. Proc. 65 against Defendant Walden University, LLC ("Walden" or "Defendant") within this week of January 17-20, 2023 to enjoin Walden to immediately release Plaintiff's federal funds for room and board educational expenses.

Plaintiff is a black adult male, an American with West African linguistic accent, and a candidate for graduate Master's degree at Walden University. Plaintiff's operative amended complaint (ECF Dkt.No.20) alleges in COUNTS 14 -16 (pp.73-88) with supporting integral documents (Exhibit "D" or ECF No.20-4; Exhibit "E" or ECF No.20-5; Exhibit "F" or ECF No.20-6) that Walden has intentionally, willfully, and wantonly withheld Plaintiff's federal funds with invidious discriminatory and retaliatory animus, deep-seated antagonism, and actual malice against Plaintiff's assertion of his civil rights, protected and oppositional activities.

In compliance with § II(A) of Judge Griggsby's case management order, Plaintiff states that the parties have electronically met to discuss whether this matter can be resolved without a motion because by attached email Exhibit "A" dated January 9, 2023 at 8:00 AM, Plaintiff contacted Ms. Patricia L. Bradley, who identifies herself as Vice President, Senior Associate General Legal Counsel for Walden University, LLC and its parent company, Adtalem Global Education, Inc. Plaintiff disclosed his intent to file two (2) motions including a Rule 65 motion for preliminary injunction against defendant Walden University. *Id.* Ms. Bradley did not raise any objection against Plaintiff's intent to file his Rule 65 motion. *Id.*

In further compliance with § II(A)(2) of Judge Griggsby's case management order, Plaintiff states that the parties do not think they can resolve this matter without a Rule 65 motion because the gravamen of Plaintiff's Rule 65 motion is also the bulwark of the controversy that

has escalated this case into a full-blown federal civil rights lawsuit before this court. Plaintiff states that his forthcoming Rule 65 motion will not be frivolous as a matter of fact or law because the U.S. Supreme Court defines frivolous actions or proceedings as one that lacks an "arguable basis either in law or in fact." See *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Plaintiff's amended complaint's Exhibits D-F demonstrates that Walden University has taken materially adverse action against Plaintiff by withholding Plaintiff's federal funds for his room and board educational expenses on condition that Plaintiff should release all his claims including civil rights claims against Walden — a procedure or practice that is not authorized by Congress or U.S. Department for Education. *See* 42 U.S.C. § 2000e-3(a) (Title VII statutory retaliation bar). Plaintiff's burden of establishing a materially adverse claim is "less onerous in the retaliation context than in the anti-discrimination context." *Michael v. Caterpillar Financial Services Corp.*, 496 F.3d 584 (6th Cir. 2007) at 595-96 (citing *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 67 (2006)).

Plaintiff intends to move this court under Rule 65 to enjoin Walden to immediately release the illegally-withheld funds to Plaintiff because Walden has no right to withhold a black student's federal funds to use it as a coercive tool in exchange that this student to release his civil rights claims against Walden. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 45 (1974) (stating that "final responsibility for enforcement of Title VII is vested with federal courts.Title VII authorizes courts to issue injunctive relief and order such affirmative action as may be appropriate to remedy the effects of unlawful employment practices. 42 U.S.C. §§ 2000e-5(f) and (g) (1970 ed., Supp. II) "Federal courts retain these broad remedial powers despite a Commission finding of no reasonable cause to believe that the Act has been violated"). *Id*.

To be clear, Plaintiff is open to lawful settlement in this case, not coercive settlement whereby Walden unlawfully withholds Plaintiff's federal funds in exchange for settlement. If Walden wants to settle this case, then Walden cannot use federal funds or withhold Plaintiff's federal funds to settle Plaintiff's civil rights claims. It should be an independent separate settlement that does not implicate Plaintiff's federal funds at all.

Asking a student-borrower to sign a general release to settle his civil rights claims against Walden in exchange for their federal funds (Exhibit "D" or ECF Dkt. No. 20-4) is an illegal tort of conversion under COUNT FIFTEEN of Plaintiff's Amended complaint (ECF Dkt. No.20, pp.79-83) because "Conversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261, 841 A.2d 828, 835 (2004). "The physical act can be summarized as 'any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it.'" *Id*. (citations omitted). The requisite intent is "an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." See *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 414, 494 A.2d 200, 208 (1985). Maryland Courts recognize "a narrow exception for those circumstances in which the 'plaintiff can allege that the defendant converted specific segregated or identifiable funds.'" See *Hobbs v. St. Martin*, JKB-16-749, 198 F. Supp. 3d 530, 538 (D. Md. 2016) (citation omitted); <u>see also</u> *Gibbons v. Bank of Am. Corp.*, JFM-08-3511, 2012 WL 94569, at \*9 (D. Md. 2012).

Plaintiff's Rule 65 motion will not be frivolous as a matter of law because it is well-recognized that "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff shall brief this court about all the Rule 65 factors.

Plaintiff avers that the injury that occurred in December 2022 (Exhibit "D" or ECF Dkt. No. 20-4) is ongoing, not moot. Notwithstanding the fact that "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," there is a well-recognized "exception to the mootness doctrine holding that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" See *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)(citations omitted). Unlawfully withholding Plaintiff's federal funds (ECF Dkt. No. 20-4) caused financial injury which is an injury-in-fact within the contemplations of U.S. Constitution Article III injury that can be remedied by preliminary injunction to Plaintiff. See *Pichler v. Unite*, 542 F.3d 380, 390 (3d Cir. 2008)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)(observing that "legally protected interest" can be – and often is – property-based or financial").

Plaintiff's Rule 65 motion will serve a proper purpose because federal courts have duty to protect Americans against discrimination and retaliation. See *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The anti-retaliation provisions of Title VII statute confers statutory standing upon people who personally engage in protected activity by opposing a practice, making a charge, assisting, or participating in an investigation. See *Thompson v. No. Amer. Stainless*, LP, 131 S.Ct. 863, 867 (2011) (holding that Title VII's anti-retaliation provision provides a cause of action to any individual with an interest arguably sought to be protected by [Title VII of the Civil Rights Act of 1964").

Walden's unlawful activity materially affects Plaintiff's protected property interests in his ability to graduate for his master's degree to secure salaried employment opportunities and it continues to affect Plaintiff's housing in this deadly pandemic. See *Martin v. Helstad*, 578 F. Supp. 1473 (W. D. Wis.1983) at 1482 (observing that the student seeks an education or training, and the opportunity to obtain a "good job." Achieving those goals is a "significant benefit" that creates a property interest entitled to protection"). Federal courts have recognized that deprivation of continued education produces "irreparable harm and establishes a need for prompt and immediate relief." See *L.R. v. Steelton- Highspire Sch. Dist.*, No. 1:10-CV-00468, 2010 WL 1433146 at *3 (M.D.Pa. Apr.7, 2010). A graduate student has a protected property interest and liberty interest in their continued education. See *Regents of the Univ. of Mich. v. Ewing,* ___U.S. ___, 106 S. Ct. 507, 88 L. Ed. 2d 523, (1985); *Board of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L. Ed. 2d 124 (1978).

## Conclusion

The foregoing satisfies the procedural pre-motion notice requirements of Section 11(A) of the case management order for presiding Honorable U.S. District Judge L. K. Griggsby. Accordingly, Plaintiff respectfully request immediate conference for Rule 65 motion.

**Certificate of Service via ECF pursuant to Fed. R. Civ. Proc. 5**

      I, Michael O. Livingstone hereby state that around January 17, 2023, I presented the foregoing to this Court for filing and by Fed. R. Civ. Proc. 5's applicability to Attorney ECF filers, I caused the same to be electronically served upon Defendant's Attorneys of record as follows:

        Chris Bayh, Esquire
        Barnes & Thornburg LLP
        Email: Chris.Bayh@btlaw.com
                     &
        Erinn Maguire, Esquire
        Lawrence Law, LLC
        Email: erinn@lawrencelawllc.com

                            Respectfully Submitted,

                            Michael O. Livingstone, *pro se*
                            P.O. Box 34246
                            Philadelphia, Pennsylvania 19101.
                            Email: mikeliving40@gmail.com
                            Telephone: 856-676-6951

Dated: January 17, 2023