===========================================================================
# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (BALTIMORE)
===========================================================================

| | | |
|---|---|---|
| MICHAEL O. LIVINGSTONE | : | |
| *Plaintiff* | : | |
| vs. | : | Civil Case No: 22-3096-LKG |
| WALDEN UNIVERSITY, LLC | : | |
| *Defendant* | : | |

===========================================================================
**Plaintiff's Notice of Admonition to Defendant Walden University and its Attorneys as to ECF No.37 to avoid vexatious, *Ad Hominem,* and prejudicial references to Plaintiff's civil cases where Walden is not named in the caption of those cases as a party at all; and to avoid abuse of discretion by this court.**
===========================================================================


\* Meticulous attention to detail is respectfully requested \*

### 1) **Introduction**

Plaintiff Mr. Michael O. Livingstone ("Plaintiff") hereby submit this notice of admonition against defendant Walden University ("Walden" or "Defendant"); and for this Honorable Court to promote judicial policy to avoid abuse of discretion.

### 2) **Relevant Background**

Plaintiff incorporates the docket entries herein by reference. Around January 20, 2023, Defendant obtained <u>lengthy</u> thirty (30) days extension of time to respond to Plaintiff's amended complaint (ECF Dkt. Nos. 32 &34).

On February 24, 2023, Defendant concealed its plan to respond to Plaintiff's complaint (by Answer or pre-answer motion). *Id.* Defendant also obtained *additional* fourteen (14) days to file a motion to dismiss Plaintiff's complaint upon submitting an intent to file a motion to dismiss (ECF Dkt.No.37).

It is discernible that Walden is deathly afraid of losing this case after finding that this *pro se* litigant is not one of the weak naïve *pro se* litigants they can bully. This Plaintiff is a self-advocate although he does not know-it-all. This Plaintiff is a man of justice who does not compromise his rights with anybody. This Plaintiff believes in using the courts for dispute resolution, not protests, and not violence.

### 3) **Why this Admonition has followed**

Walden's *intent to file a motion* (ECF Dkt.No.37) is replete with vexatious, *ad hominen* attacks, or references to Plaintiff's *unrelated* civil cases against other entities where Walden is not even named in the caption of those civil cases as a Defendant. Walden goes *ad nauseum* and *ad infinitum* to mischaracterize Plaintiff as a "serial litigant. " *Id*. Walden made baseless and shapeless claims that Plaintiff's "next target" is Walden by referring to Plaintiff's cases. *Id.*

Plaintiff takes issue against Walden and its attorneys' for their vexatious choice of words. Thus, this serious admonition has followed to warn Walden and its attorneys to keep this litigation professional and focused upon the instant issues of law on the bar.

High standards of professionalism in this court is part of every parties' civil duty of candor to this court– if Walden and its attorneys have any sense of duty at all to people and institutional oddities.

### 4) **Walden must avoid references to Plaintiff's civil lawsuits against other entities.**

Plaintiff debunks and disabuses Walden's *ad hominem* mischaracterizations that Plaintiff is a so-called "serial litigant." If filing lawsuits to vindicate one's rights is an activity that can be used to cast a Plaintiff into a false light, then courts should never hear or adjudicate the merits of the cases of former US President Donald Trump, for example, who has over 200 lawsuits in his name.

Walden forgets that this is America where common sense is not common unless people are obligated by law to act with common sense. This is a litigious country. Plaintiff has a constitutional right of access to the courts to vindicate his rights that cannot be used to inflict prejudice against him in this instant case.

In *Tennessee v. Lane*, 541 U.S. 509, 510 (2004) at 541, the U.S. Supreme Court said access to the courts is a "basic right." The U.S. Supreme Court has also said the Petition Clause protects the rights of individuals to appeal to courts and other forums established by the government for the resolution of legal disputes. See *Sure-Tan, Inc. v. NLRB*, 467 U. S. 883, 896–897 (1984) (holding that "[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government").

Minority U.S. Citizens who are prone to racial discrimination often use the power of the courts to vindicate their rights for social equity. The presiding District Judge Hon. Griggsby, for example, is not new to stinkard racial oppression in this country today. As a black man, this Plaintiff has experienced racial oppressions and he has resorted to the courts for redress, not violence.

If that makes Plaintiff a so-called "serial litigant" according to Walden, **then so be it.** Plaintiff emulates his non-violent black ancestors such as the *Freedom Riders*, the late U.S. Congressman, and Civil Rights Activist, John Lewis, who did not use violence to fight discrimination. If Walden is Plaintiff's so-called "next target" over the Civil Rights Act, **then so be it.**

**Reasonable minds** will agree that if Walden is Plaintiff's "next target," then Plaintiff would not spend years of graduate studies to accrue huge student educational debt or spend sleepless nights completing graduate level courses just to target Walden.

**U**n**reasonable minds** will think otherwise. Walden's attorneys must carefully think through their choice of words before using such vexatious words in their upcoming motion to dismiss that will **fatally-fail to survive Plaintiff's opposition.** Plaintiff will not kowtow to Walden's prejudicial, vexatious, and *ad hominem* attacks against him in Walden's upcoming motion.

**5) Other US District Judges in this Court have warned attorneys against making references to Plaintiff's cases to prejudice the court.**

Walden also made *ad hominem* references to Plaintiff's past civil case in Greenbelt Division of this U.S.District Court of Maryland i.e. *Osei v. Univ. of Md.*, 202 F. Supp. 3d 471, 482 (D. Md. 2016).

In *UMUC*, the defendant's attorney (Ms. McCormick) made references to Plaintiff's civil cases in UMUC's motion to dismiss Plaintiff's complaint. The U.S. District Judge, Hon. Deborah Chasanow, frowned upon UMUC's references to Plaintiff's other civil cases and she did not make references to Plaintiff's civil in her subsequent adjudicative opinion.

In *UMUC*, Plaintiff proceeded *pro se* on appeal to the Fourth Circuit and a panel of Circuit Judges initially vacated the district court's opinion entirely in *Osei v. University of MD Univ College*, No.16-2074 (4th Cir. 2018). The Fourth Circuit did not even waste time to refer to Plaintiff's cases.

### 6) Walden and its Attorneys should wisely use their lengthy extensions of time they obtained to do proper legal research about Article III injury after *Spokeo*.

Plaintiff admonishes Walden and its attorneys to use the "lengthy extensions of time" they obtained very **wisely** and **judiciously** to address the legal issues on the bar instead of digressing or perambulating to inflict *prejudices* upon this court in attempt to get the presiding honorable Judge to abuse her discretion. Walden should use the lengthy extensions of time it obtained wisely to conduct proper legal research and argue the law, not prejudicial references to Plaintiff's cases.

Rather than using the time wisely to conduct legal research on the issues at hand, Walden makes shapeless claims to dismiss Plaintiff's complaint on grounds that Plaintiff did not suffer any injury under U.S. Const. Article III Injury, for example.

This shapeless argument in Walden's upcoming motion to dismiss will fatally-fail to survive Plaintiff's opposition because the law has evolved after U.S. Supreme Court's ruling in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540,1549 (2016) expanded Article III Injury. Title VII standing is as broad as Article III standing. See *Kyles v. J.K. Guardian Sec. Servs., Inc*., 222 F.3d 289, 295 (7th Cir.2000) (observing that the language of §2000e-5 "signals a congressional intent to extend standing to the outermost limits of Article III").

Just because Plaintiff got straight "A" grades or he graduated from Walden during the events leading to this case, it does not exonerate Walden from injuring Plaintiff under Article III standing by direct and proximate cause of Walden's unlawful actions. Under *Spokeo,* it is not inconsequential. Plaintiff is not asking this court to do academic grading.

### 7) Judicial Notice requested of *Spokeo* and *Haddon Point*

Talking about Plaintiff's cases, since 2019, this Plaintiff has successfully handled his pending civil case  pro se  in District of New Jersey, *Livingstone v. Haddon Point Manager, LLC et al*., Case No. 1:2019-cv-13412-RBK-AMD, USDC-NJ, ECF Document Nos. 40 & No. 55 (entered on February 22, 2020) *sub judice*,  that is now under discovery and heading to trial.

In *Haddon Point,* Senior U.S. District Judge, Hon. Robert Kugler, applied *Spokeo* and rejected *Haddon Point's* attorneys' argument that they did not cause injury to Plaintiff because the first eviction complaint was dismissed in Plaintiff's favor and Plaintiff kept his housing. See *Haddon Point,* Pages 8-12) ruling as follows:

> …Although Defendants' violation may seem inconsequential given that the underlying eviction action was eventually dismissed, courts have repeatedly emphasized that Section 1692g is violated if collection activity continues after the consumer disputes the debt, regardless of the outcome of that collection activity… Rather, the real issue not whether Plaintiff's claim is moot but whether he incurred concrete harm so as to have Article III standing. See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549…Although Plaintiff does allege a violation of the FDCPA's procedure, procedural violations often produce concrete injury. See *Pisarz v. G.C. Servs. Ltd. P'ship.*, 2017 WL 1102636, *3 (D.N.J. Mar. 24, 2017) (noting that "since Spokeo was decided, the overwhelming majority of courts that have faced Article III standing challenges in FDCPA cases have determined that a violation of the FDCPA produces a `concrete injury'").

Applying this reasoning to this instant case, just because Plaintiff got straight "A" grades at Walden during the events leading to this case does not mean Walden did not cause Article III injury to Plaintiff. Plaintiff will be ready to argue the law in response to Defendant's upcoming motion to dismiss.

**8) This court has condemned Walden's predatory practices in a pending case.**

This same U.S. District Court in Maryland has condemned Walden's **predatory** activities where Walden took advantage of **poor black women.** It is one thing to take advantage of people and another thing to take advantage of **black people**; and **black women.** See *Carroll et al. vs. Walden University et al,* Case 1:22-cv-00051-JMC (USDC-MD) (*sub judice*) mentioning **predatory admission practices** analogous to the other case sub judice in this same court against the same defendant.

If Plaintiff is a serial litigant targeting Walden, then what about Walden? Needless to go too far, this federal court in District of Maryland has described Walden as a **Predator** when Walden took advantage of poor **black women students in the case of**

This article, https://topclassactions.com/lawsuit-settlements/employment-labor/discrimination/walden-u-class-action-claims-school-overcharged-black-female-students-by-28-5m/, also describes Walden's **"multi-part discriminatory,** fraudulent, deceptive and dishonest scheme."

**9) Plaintiff cannot be bullied like other students. If Walden and its Attorneys ignore this admonition in their upcoming motion to dismiss, Plaintiff will equally become vexatious and this case will lose professionalism.**

Failure to follow this admonition will also cause Plaintiff to approach this case with vexation and *ad hominem* attacks against Walden. Plaintiff will not allow Walden to **bully** him like Walden has done to other students as part of Walden's **predatory practices** to extort money from students for their **for-profit** enterprise scheme. Plaintiff will not allow Walden's attorneys to take advantage of his professionalism.

**10) Plaintiff cannot be bullied like other students. If Walden and its Attorneys ignore this admonition in their upcoming motion to dismiss, Plaintiff will equally become vexatious and this case will lose professionalism.**

Failure to follow this admonition will also cause Plaintiff to approach this case with vexation and *ad hominem* attacks against Walden. Plaintiff will not allow Walden to **bully** him like Walden has done to other students as part of Walden's **predatory practices** to extort money from students for their **for-profit** enterprise scheme. Plaintiff will not allow Walden's attorneys to take advantage of his professionalism.

**11) Judicial Policy to avoid Abuse of Discretion by the Court**

Walden's motive for making references to Plaintiff's civil cases is to inflict prejudice upon the court to abuse the discretion of the court. Prejudice is one of the prongs of abuse of discretion. Abuse of discretion "arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Flagg v. Essex Cnty. Prosecutor*, 171 N.J. 561, 571 (2002) (quoting *Achacoso-Sanchez v. Immigration & Naturalization Serv.*, 779 F.2d 1260, 1265 (7th Cir. 1985)). Abuse of discretion can manifest in the form of "partiality, prejudice, bias, or ill-will as shown by the evidence or the record." *Commonwealth v. Widmer*, 560 Pa 308, 744 A.2d 745 (Pa.2000) at 322.

Plaintiff reminds this court about the judicial policy of deciding cases "on the merits rather than on technicalities." *Standard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011).

## CONCLUSIONS

Defendant is hereby admonished to stop making prejudicial *ad hominem* references to Plaintiff's civil cases against other entities to keep this instant case streamlined and pertinent to the issues on the bar, as provided by Rule 12(f).

This admonition is functionally-equivalent to notice under Fed. R. Civ.P. 11(c)(2) safe harbor provision for sanctions against Defendant. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d at 99. "If the twenty-one day period is not provided, the motion must be denied." *Id*.").

This admonition achieves these ends:

(1) To serve as a procedural safeguard against abuse of discretion that stems from defendant's shapeless references to Plaintiff's civil cases by inflicting prejudice upon this court through ad hominem mischaracterizations of Plaintiff as a "serial litigant" and Walden is his next "target";

(2) To keep this litigation focused on the gravamen of the issues on the bar;

(3) To prevent non-sequitur arguments as required by Fed. R. Civ. Proc.12(f)'s streamlining of impertinent and irrelevant material;

(4) To promote high standards of professionalism as a civil duty of candor to the court so that this litigation does not become dirty and ugly or a platform to make *ad hominen* attacks.

This admonition does not address Walden's shapeless arguments of law regarding the complaint.
  Accordingly, re-focus the focus upon this instant case itself.

> Respectfully Submitted,
>
> Michael O. Livingstone, *pro se*
>
> [signature]
>
> P.O. Box 34246
> Philadelphia, Pennsylvania 19101.
> Email: mikeliving40@gmail.com
> Telephone: 856-676-6951

Dated: March 8, 2023

### Certificate of Service via ECF pursuant to Fed. R. Civ. Proc. 5

I, Michael O. Livingstone hereby state that around March 8, 2023, I presented the foregoing to this Court for filing and by Fed. R. Civ. Proc. 5's applicability to Attorney ECF filers, I caused the same to be electronically served upon Defendant's Attorneys of record as follows:

> Chris Bayh, Esquire
> Barnes & Thornburg LLP
> Email: Chris.Bayh@btlaw.com
> Erinn Maguire, Esquire
> Lawrence Law, LLC
> Email: erinn@lawrencelawllc.com

> Respectfully Submitted,
> Michael O. Livingstone, *pro se*
> P.O. Box 34246
>
> [signature]
>
> Philadelphia, Pennsylvania 19101.
> Email: mikeliving40@gmail.com
> Telephone: 856-676-6951

Dated: March 8, 2023