===============================================================
# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (BALTIMORE)
===============================================================

MICHAEL O. LIVINGSTONE       :
      :
      :
*Plaintiff*       :
      :
vs.       :
      :    Civil Case No: 22-3096-LKG
WALDEN UNIVERSITY, LLC       :
      :
*Defendant*       :

===============================================================
**Plaintiff's Certification Intent to file Motions for:**
1. **Contempt of Court pursuant Fed. R. Civ. Proc. 45(g) against Defendant Walden University and its Attorneys as to Subpoena; and**
2. **Stay proceedings; and vacate briefing schedule to address subpoena discrepancy.**
===============================================================

I, MICHAEL O. LIVINGSTONE, hereby certify as follows:

1. I am the Plaintiff in this case or controversy.

2. I am a young adult male of full age.

3. I am a citizen of the United States of America.

4. I am constitutionally-at-will proceeding *pro se* in this matter.

5. I am aware of the facts and law in this case or controversy.

6. I have never been convicted of *any* misdemeanor, felony, or any crime involving moral

turpitude.

7. I execute this certification in support of my motions for contempt of court pursuant Fed.

R. Civ. Proc. 45(g) against Defendant Walden University and its Attorneys as to the Subpoena;

stay proceedings; and vacate the briefing schedule to address subpoena discrepancy.

8. Plaintiff intends to move this court to enter criminal contempt of court pursuant to Fed.

R. Civ. Proc.45(g) against Defendant Walden University, LLC and its Attorneys ("Walden" or

"Defendant") for failing to obey the commands of the Subpoena on the record (ECF Dkt. No.19) top produce demanded contractual records.

9.     Plaintiff intends to expeditiously move this court to vacate the briefing schedule (i.e. ECF Dkt. No. 39) as a procedural safeguard to address all preliminary issues regarding the subpoena as a threshold matter because the subpoenaed contractual documents are necessary to address Plaintiff's claims. The subpoena preceded defendant's motion to dismiss.

### Reasons and applicable background.

1.      On December 22, 2022 (ECF Dkt. No.19), this court placed a seal  upon Plaintiff's subpoena to allow process service of Plaintiff's subpoena demanding contractual documents from Walden (ECF No.13).

2.     Plaintiff's subpoena (ECF No.13) commanded Walden to produce pertinent contractual documents to Plaintiff; as well as Chambers of Honorable Lydia K. Griggsby by **February 25, 2023.**

3.     As of this day of **March 15, 2023,** Walden has not fulfilled its civil duty to honor the commands of the court-issued subpoena.

4.     The publicly filed affidavit bears out that Walden received professional process of the subpoena through a professional process server (ECF Dkt.No.30).

5.     Around January 13, 2023, this court received a combined sworn affidavit as proof of service of the subpoena; and Plaintiff's amended complaint (i.e. ECF Dkt. No. 30).

6.     By email dated February 24, 2023 at 11:52 AM, Plaintiff informed Walden's attorneys that he has not received the demanded subpoenaed documents.

7.     By email dated February 27, 2023 at 5:35 PM, Walden's attorneys replied to Plaintiff that Walden "has not been served with a subpoena" despite a sworn affidavit by a

process server on this case docket showing that Walden received process service of the subpoena.

8.     In compliance with the procedural requirements of the case management order in this case, Plaintiff reached out to the attorneys for Walden University about this intent to file this motion and whether they oppose of not. Walden disrespectfully failed to respond to Plaintiff.

9.     Accordingly, Plaintiff intends to move this court to enter contempt of court against defendant because nobody is above the law.

## Legal Arguments in support

10.     Just because Walden wants to file a motion to dismiss Plaintiff's complaint does not mean Walden can ignore the commands of a properly-filed and properly-served subpoena.

11.     It is well-established that all corporate and human citizens should obey the commands and demands of the courts. Nobody is above subpoena power.

12.     Plaintiff intends to move this court to vacate the briefing schedule and stay proceedings to address the disputed subpoena because the subpoenaed documents are integral documents into Plaintiff's amended complaint (ECF No. 20's at ¶ 219; p.53 at n.16; p.57 at n.18; ¶262). *See* generally *Celotex Corp. v. Catrett,* 477 U.S.317, 323,106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986)(discussing integral documents).

13.     *Vacatur* and stay of proceedings is necessary to avoid error because the "ultimate responsibility of Federal Courts, at all levels, is to reach the correct judgment under law." *Harper v. Anchor Packing Co*., Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (D.Md. Aug. 1, 2014) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 515 (4th Cir. 2003)) (internal quotation marks omitted), aff'd sub nom. *Hurley v. CBS Corp.*, 648 F.App'x 299 (4th Cir. 2016).

14.     This court would make erroneous rulings absent the subpoenaed contractual documents. Clear error is "[d]eviation from a legal rule." *U.S. v. Madden*, 733 F.3d 1314, 1322–23 (11th Cir.2013). It is a rule for all parties to comply with a subpoena.

15.     In the interests of judicial efficiency, this court and the parties have a duty to avoid piecemeal appeals. Absent the subpoenaed documents, there can be plain errors that may bring piecemeal appeal.

Respectfully Submitted,
Michael O. Livingstone, *pro se*
P.O. Box 34246



Philadelphia, Pennsylvania 19101.
Email: mikeliving40@gmail.com
Telephone: 856-676-6951

Dated: March 15, 2023

### Certificate of Service via ECF pursuant to Fed. R. Civ. Proc. 5

I, Michael O. Livingstone hereby state that around March 15, 2023, I presented the foregoing to this Court for filing and by Fed. R. Civ. Proc. 5's applicability to Attorney ECF filers, I caused the same to be electronically served upon Defendant's Attorneys of record as follows:

Chris Bayh, Esquire
Barnes & Thornburg LLP
Email: Chris.Bayh@btlaw.com
Erinn Maguire, Esquire
Lawrence Law, LLC
Email: erinn@lawrencelawllc.com

Respectfully Submitted,

Michael O. Livingstone, *pro se*

P.O. Box 34246
Philadelphia, Pennsylvania 19101.