IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| MICHAEL O. LIVINGSTONE,<br>Plaintiff,<br>v.<br>WALDEN UNIVERSITY, LLC,<br>Defendant. | Case No.: 1:22-CV-03096-LKG |

### DEFENDANT WALDEN UNIVERSITY'S NOTICE OF INTENT TO FILE A MOTION TO QUASH PLAINTIFF'S PURPORTED SUBPOENA AND REQUEST FOR A CONFERENCE

Defendant Walden University, LLC ("Walden") files this notice to advise the Court of its intent to file a motion to quash Plaintiff Michael Livingstone's purported "subpoena." This motion would be necessitated by Mr. Livingstone's "Notice of Intent to File a Motion for Contempt," premised upon an improperly issued and improperly served subpoena for documents to Defendant Walden University, a party to this litigation. *See* Dkt. 18, CMO § II.A; Dkt. 41.

### PROPOSED BRIEFING SCHEDULE AND STATUS OF MEET AND CONFER

Defendant Walden University emailed Mr. Livingstone today, March 16, to state its intent to move to quash, and to confirm that Mr. Livingstone would oppose the motion. Mr. Livingstone did not address that specific question but stated his intent to dispute the substantive issues.

Walden proposes the following briefing schedule: (1) Motion due seven days after the Pre-Motion Conference; (2) Opposition brief due 14 days after the Motion; (3) Reply brief due 14 days after the Opposition. However, this briefing could be obviated if Mr. Livingstone did not proceed with his meritless "contempt" motion.

### SUMMARY OF THE MOTION

Mr. Livingstone intends to move the Court for an order holding Walden University in contempt of Court, for violation of an improperly issued and improperly served subpoena on a party. *See* Dkt. 41. But Mr. Livingstone has never obtained a valid subpoena issued by the Clerk (LR 102.3), and has never properly served any such document on Walden. Walden has explained its position to Mr. Livingstone in an attempt to avoid unnecessary motions practice but he refuses to withdraw his notice of intent to file a motion for contempt. Thus, Walden is compelled to move to quash this improperly issued and improperly served "subpoena."

*Background*

Since Mr. Livingstone filed his notice of motion for contempt, Walden University has deduced the following:

When Mr. Livingstone filed this case November 30, 2022, Dkt. 1, he attached a "subpoena request," Dkt. 1-2. Nothing happened with that "request," and Mr. Livingstone never served that

1

complaint or any of its attachments. Mr. Livingstone later moved for and obtained leave to file a "Corrected Amended Complaint," Dkt. 14, 19, 20, this time without a "subpoena request." But in the meantime, Mr. Livingstone asked the Court to certify a subpoena. Dkt. 11, 13. The Court issued a December 22 order that directed, among other relief, that the Clerk of Court should issue the subpoena. Dkt. 19.

Over these three-plus weeks, Mr. Livingstone still sat on his case and never served Walden with anything, until another two weeks later, January 4, 2023.

What Mr. Livingstone served on Walden on January 4 was a 137-page PDF document, which Mr. Livingstone prepared. Mr. Livingstone effectuated the service of this PDF document on Walden, via Walden's registered agent CSC-Lawyers Incorporating Service Company, on January 4, 2023. Mr. Livingstone memorialized this by filing service returns on the docket at Dkt. 22 and 30. Both of these service returns confirm that service of this document took place on January 4, 2023. Walden's CSC service record confirms that the item served on January 4 was this 137-page PDF. This PDF is the only item of any kind that Mr. Livingstone has ever served on Walden. This PDF document is attached here as Notice Exhibit 1.

Docket entry 22 is entitled "SUMMONS Returned Executed by Michael O. Livingstone." He titled his filing at Dkt. 30 "Supplement to 22 Summons Returned Executed filed by Michael O. Livingstone." Neither title references a subpoena. The last reference on the docket to a "subpoena" is the Court's December 22 order, Dkt. 19, above.

Mr. Livingstone titled these items this way because that is what these filings are—the summons, the complaint, and its attachments. This PDF begins with a summons document, with the docket stamp of "Document 21," *see* Notice Exhibit 1 at 1–2. The next pages are the Complaint, with the docket stamp of "Document 20." *Id.* at 3–91. Then come various docket entries that Mr. Livingstone chose to include, *id.* at 92–100; and then Mr. Livingstone attaches the exhibits to his Complaint, *id.* at 101–133. On page 134, Mr. Livingstone includes a cover sheet labeled "ATTACHMENT"; behind that cover page is a subpoena form, at pages 135 to 137. That form is "signed" by Mr. Livingstone, in that it has an electronic image of Mr. Livingstone's signature on the line titled "Attorney's Signature." This is the same electronic image that Mr. Livingstone used in the signature block of his Complaint. *Id.* at 91.

Pages 134 to 137 of this PDF—titled as an "ATTACHMENT" to the summons and Complaint—are apparently what Mr. Livingstone deems to be his "subpoena" on Walden.

*Proposed Argument*

This four-page segment of a PDF is not a valid subpoena, and was not validly served. Walden's proposed motion would argue that the subpoena must be quashed, for two reasons.

**First**, the subpoena is invalid in multiple ways and therefore imposes no response obligation on Walden:

1. The Clerk has not issued or signed the subpoena. The subpoena is signed only by Mr. Livingstone, and not by an attorney. The subpoena is thus invalid on its face. *See* D. Md. Local Rule 102.3; Fed. R. Civ. P. 45(a)(3); *Draper v. United States Postal Serv.*, No.

3:18CV00009, 2018 WL 2423002, at *1 (W.D. Va. May 29, 2018), *aff*'d, 740 F. App'x 315 (4th Cir. 2018).

2. Mr. Livingstone's subpoena effort constitutes an improper attempt to obtain premature discovery from a party, before the responsive-pleading deadline, and in the face of an impending motion to dismiss. By rule, discovery in this Court—via subpoena or any methods—cannot take place until the Court enters a formal discovery scheduling order. D. Md. Local Rule 104.4.

3. Service on litigation parties takes place via discovery requests under Rules 30-34, and a Rule 45 subpoena cannot be used to circumvent basic discovery rules and procedure. *See*, *e.g.*, *Neel v. Mid-Atl. of Fairfield, LLC*, No. SAG-10-CV-405, 2012 WL 98558, at *1–2 (D. Md. Jan. 11, 2012); *Richardson v. Sexual Assault/Spouse Abuse Rsch. Ctr., Inc.*, 270 F.R.D. 223, 225–26 (D. Md. 2010)

4. Subpoenas cannot be served in this way—as an "ATTACHMENT" to a complaint, buried at the end of a long consolidated PDF summons-service document and unsigned by the Clerk or an attorney.

5. Mr. Livingstone has not made any reasonable attempt to resolve or enforce the purported subpoena, and instead has been deliberately vague and has hidden his intentions.

**Second**, the subpoena should be quashed because its burdens would be disproportionate to the needs of the case. This is especially so because the case is subject to full dismissal on Walden's imminent Rule 12(b) motion. The requested materials are also irrelevant to any potential theory that Mr. Livingstone may raise in this case.

## CONCLUSION

For these reasons, Mr. Livingstone's subpoena should be quashed.

Respectfully submitted,

/s/ _____  
Erinn M. Maguire, Esq., Fed. Bar # 29474  
LAWRENCE LAW, LLC  
323 W. Camden Street, Suite 700  
Baltimore, Maryland 21201  
Tel. (410) 837-6995 | Fax (410) 837-6995  
erinn@lawrencelawllc.com  

/s/ _____  
Christopher Bayh (pro hac vice)  
BARNES & THORNBURG LLP  
1717 Pennsylvania Ave NW #500  
Washington, DC 20006  
Tel. (202) 289-1313 | Fax (202) 289-1330  
chris.bayh@btlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2023, a copy of the foregoing was served via the Court's ECF system on all parties and counsel of record.

/s/ _____  
Erinn M. Maguire (29474)

3