===============================================================================
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (BALTIMORE)
===============================================================================

| | | |
|---|---|---|
| MICHAEL O. LIVINGSTONE | : | |
| *Plaintiff* | : | |
| vs. | : | |
| | : | Civil Case No: 22-3096-LKG |
| WALDEN UNIVERSITY, LLC | : | |
| *Defendant* | : | |

===============================================================================
1. **Motion for Leave to file this motion pursuant to ECF Dkt No. 53;**
2. **Plaintiff's Fed. R. Civ. Proc. 60(b)(1) catchall motion to amend, extend, or vacate Order (ECF No. 60) to accommodate Plaintiff's Response ECF Nos. 62-64** *nunc pro tunc* **against Defendant's motion to dismiss(ECF No.43); Grant 30 days for defendant to Reply to ECF Nos.62-64; and motion to exceed page limits in ECF No.64 by necessity.**
===============================================================================

**AND NOW COMES**, Plaintiff Michael O. Livingstone ("Plaintiff") moving this Honorable Court and appealing to the generosity of this court as follows:

*1.* Preliminarily, Plaintiff moves this court for leave to file this instant motion (s) as required by this court's procedural order (ECF No.58).

*2.* Because of Plaintiff's prolonged painful dental surgery and recovery, pursuant to Fed. R. Civ. Proc. 60(b)(1) catchall, Plaintiff moves this court to amend or extend this court's order (ECF No. 60) that granted Plaintiff's Rule 6(b) motion *nunc pro tunc* to accommodate Plaintiff's instant Response (ECF No. 62-63); Plaintiff's Ancillary Brief requesting judicial notices and corrections of misrepresented facts(ECF No. 63); and Plaintiff's Memorandum of Law (ECF No. 64) - all in opposition to defendant's motion to dismiss (ECF No. 43) Plaintiff's amended complaint (ECF No. 20).

*3.* Plaintiff moves this court to amend or vacate the order (ECF No. 60) to give Defendant up to thirty (30) days to file Reply (if any) to Plaintiff's response (ECF Nos. 62-64) although replies are not mandatory or required.

*4.* Plaintiff renews and revives his previous Rule 6(b) motion and incorporates it herein by reference within the context of this time of filing ECF Nos.62-64.

*5.* Plaintiff moves this court to amend the order (ECF No. 60) granting Plaintiff leave to exceed the 35-page limits by necessity regarding Plaintiff's submitted memo of law brief (ECF No.64) because despite Plaintiff's uncomfortable sleepless painstaking efforts to comply with the page limits in pain and bleeding, Plaintiff needed to exceed page limits for the following reasons:

a) This case involves murky labyrinth complex legal issues that requires adequate briefing to prevent erroneous judgment. The "ultimate responsibility of the Federal Courts, at all levels, is to reach the correct judgment under law." *Harper v. Anchor Packing Co.*, Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (D.Md. Aug. 1, 2014); see also *Ervin v. OS Restaurant Servs., Inc.,* 632 F.3d 971, 976 (7th Cir. 2011) ("If … the district court applies an incorrect legal rule as part of its decision, then the framework within which it has applied its discretion is flawed, and the decision must be set aside as an abuse").

b) Defendant's motion to dismiss is convoluted with two Rules, i.e. Rule 12(b)(6) and Rule 12(b)(1) of Federal Rules of Civil Procedure. Exceeding the page limit in his memo of law brief (ECF No.64) was necessary for Plaintiff to adequately brief this court about those Rules.

c) To prevent piecemeal appeals over issues this district court could address; and to preserve arguments. The general rule requiring preservation "serves several important judicial interests," such as protecting the parties from unfair surprise, "preventing district courts from being reversed on grounds that were never urged or argued before [them]," and promoting finality and the conservation of judicial resources. *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406,

416 (3d Cir. 2011) (alteration in original) (quoting *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009)).

d) To prevent permanent waiver and forfeiture of arguments in this court or appellate court.

e) To perform separate choice of law analysis for every state law claim because choice-of-law analysis should be done on an issue-by-issue basis. See *Rowe v. Hoffman-La Roche, Inc.*, 917 A.2d 767, 771 (N.J. 2007).

f) To prevent future supplemental briefing regarding choice of law, as it happened in the case of *Travis v. Walden Univ., LLC*, Civil Action No. MJG-15-235, 9 (D. Md. Oct. 30, 2015), for example, where this court reasoned that "Plaintiffs may have adequately briefed their contentions regarding Maryland common law but have not adequately briefed the question of whether Maryland common law would be applicable to their claims. Plaintiffs have not at all adequately briefed their California, Illinois, and New York common law claims. However, the Court will provide Plaintiffs a chance to brief adequately their common law claims").

Parenthetically, for all these reasons, Plaintiff moves this court for leave to exceed page limits in ECF No.64 and accept Plaintiff's Memo of Law (ECF No. 63) that is 105 Pages excluding 25 pages of annotated *Table of Contents* that shows subheadings and headings to facilitate judicial review review; and *Table of Authorities*. As a threshold matter, Plaintiff demonstrates the substance of his memo of law. ⁱ

In support is the attached Certification -Memorandum of Law.

Respectfully submitted,

s/Michael O. Livingstone, *pro se*
P.O. Box 34246
Philadelphia, Pennsylvania 19101

Telephone: 856-676-6951
Email: mikeliving40@gmail.com

Dated: June 13, 2023

---

i    **Plaintiff's Graduation and straight "A" grades does not exonerate Walden from Article III injury and alleged discrimination. See _Uzuegbunam_ and _Carroll_**

An example to demonstrate meritorious content, Plaintiff argues in his memo of law ECF No. 64 that Walden argued that Plaintiff does not have Article III injury because Plaintiff still graduated for his master's degree at the end of the Fall 2022 semester with straight "A" grades despite the events leading to this case (ECF No. 43-1, p.11, ¶3). Walden argued that Plaintiff lacks standing because "the alleged harm is no longer redressable." Walden argued that Plaintiff is no longer a student of Walden and so the injury is not redressable. _Id._ Plaintiff contends these arguments fatally-fails to survive the following rebuttals at law:

Initial standing to sue and post-commencement mootness makes Plaintiff's past injuries redressable. Walden forgets that there is a vast difference between "initial standing to bring suit" and "post-commencement mootness." See _Defy Ventures v. U.S. Small Bus. Admin._, 469 F. Supp. 3d 459, 469 n.6 (D. Md. 2020) (observing that "the defendants discuss the alleged mootness in regard to standing, but these are two different inquiries"); see also _Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.ptun_, 528 U.S. 167, 174, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (distinguishing between "initial standing to bring suit" and "post commencement mootness").

In _Carroll et al. vs. Walden University et al._, Case 1:22-cv-00051-JMC(USDC-MD)(sub judice), a group of black female women who graduated with doctoral degrees from the same defendant Walden University filed class action lawsuit against Walden alleging admission malpractice and predatory publications. This court did not say that the Plaintiffs in _Carroll_ have already graduated from Walden with doctorate degrees and so they cannot sue for injuries they incurred during their admission and education at Walden.

In _Uzuegbunam v. Preczewski_, 141 S. Ct. 792, 209 L. Ed. 2d 94 (2021), the Plaintiff sued the school all the way to US Supreme Court over $1 nominal fee after graduating. The Justices of the US Supreme Court did not say that the Plaintiff-Student has already graduated from the school and so the Plaintiff does not have Article III standing or redressable injury for damages. The high court said, "every violation [of a right] imports damage." See _Uzuegbunam v. Preczewski,_ 141 S. Ct. 792, 799 (2021).

Applying _Uzuegbunam_ and _Carroll_ to this instant case at bar, just because Plaintiff Livingstone graduated from Walden University with straight "A" grades does not exonerate Walden from alleged injuries, discrimination, and retaliation stemming from Walden's violations of Plaintiff's rights during the admission process and during his education.

The US Supreme Court has **never said** a University is free from liability to civil rights discrimination or retaliation simply because the student got straight "A" grades or graduated. **It is not law.** Accordingly, this alone defeats defendant's Rule 12(b)(1) motion. _See_ ECF No.64 for more.