# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| MICHAEL O. LIVINGSTONE,<br>Plaintiff,<br>v.<br>WALDEN UNIVERSITY, LLC<br>Defendant. | Case No.: 1:22-CV-03096-LKG |

## DEFENDANT WALDEN UNIVERSITY, LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A 105-PAGE BRIEF

Defendant Walden University, LLC files this short brief to oppose Plaintiff Michael Livingstone's effort to file a 105-page brief [Dkt. 64] in response to Walden's motion to dismiss. Walden necessarily files this brief, in conjunction with an alternative motion to reset its reply deadline, given that Mr. Livingstone did not file for leave to file excess pages, Dkt. 65-1, and did not file the underlying proposed opposition brief, Dkt. 64, until weeks after the May 25 opposition deadline, and just days before Walden's June 15 reply deadline, Dkt. 60, May 25 Scheduling Order.

Mr. Livingstone's latest filings, Dkt. 65 and 65-1, asks the Court, after the fact, for two things: (1) to accept his opposition brief 21 days late, after Mr. Livingstone missed this deadline (and prior deadlines) long ago, and (2) to grant leave to file an oversized brief, and specifically to accept his 105-page brief filed the day before.

Walden takes no position on the request for the extension of time. But under the circumstances, Walden must oppose Mr. Livingstone's attempt to force the Court and Walden to address a 105-page opposition brief.

The proposed opposition brief is 130 pages: 25 pages of case caption, tables, signature block, and certificate of service, and 105 pages of actual briefing. *See generally* Dkt. 64; *see also* Dkt. 65 at 3 (explaining the page breakdown). This is exactly triple this Court's standard limit of

1

35 pages for opposition briefs. *See* Local Rule 105.3. In its May 25 order, the Court granted a prior enlargement of that limit, to 50 pages, as previously requested by Mr. Livingstone. *See* Dkt. 59, 59-1, 60. Of course, the 105-page brief that Mr. Livingstone filed is more than double the 50 pages that the Court allowed. And Mr. Livingstone did not make this request until June 13, the day after filing his subject brief.[1]

The Court should deny this motion, and it should require Mr. Livingstone to re-file his opposition, in compliance with the Court's May 25 order. It should do so for three simple reasons.

First, the use of a 105-page brief poses an extraordinary burden on Walden and the Court. This multiplies the resources that will be required of the Court, its staff, and Walden, well beyond what is reasonable and proportional to the case. *Sampson v. City of Cambridge.*, No. WDQ-06-1819, 2008 WL 7514365, at *3–4 (D. Md. June 5, 2008) (denying motion for leave to file 101-page dispositive motion, and enforcing 50-page limit), *aff'd*, 322 F. App'x 295 (4th Cir. 2009).

Second, Mr. Livingstone has not shown good cause to require an extra 55 pages of briefing. His reasoning essentially boils down to the assertion that he needs the extra pages because (1) Walden's "motion to dismiss is convoluted," and (2) extra pages are necessary to undertake choice of law analysis. To begin with, Walden's motion is not convoluted—it is 23 pages long, less than two thirds of the 35 pages allotted by the Local Rules. *See* Dkt. 43-1. The issues in the motion are simple: Mr. Livingstone has not pleaded a justiciable injury, and he has not pleaded any viable substantive claims. As for choice of law, as explained before, Mr. Livingstone takes no choice of

---

[1] The 105 page count does not even include the prior materials that Mr. Livingstone filed in the interim between the motion to dismiss and his opposition brief, *see* Dkt. 62, 63, which Mr. Livingstone incorporates by reference into the opposition brief, *see* Dkt. 64 ("Plaintiff incorporates herein by reference his response and ancillary brief on the docket requesting judicial notices and correction of Walden's illusory misrepresented facts (ECF Nos. 62 & 63).").

law position in his complaint, and all of the state law claims have the same basic common elements. *See id.* at 14–17. In the end, a brief of 105 pages is hardly reasonable or necessary.

Third, Mr. Livingstone did not seek this relief until *after* he filed the oversized brief, out of compliance with Local Rule 105.3, depriving the Court or Walden of a chance to address the issue before Mr. Livingstone put the oversized brief on the docket.

For these reasons, Walden respectfully asks the Court to require Mr. Livingstone to adhere to his prior, 50-page allotment, and to re-file a compliant brief by a date to be set by the Court.

Respectfully submitted,

Dated: June 15, 2023

*/s/ Michelle Noorani*
Michelle Noorani, Fed. Bar # 26438
LAWRENCE LAW, LLC
323 W. Camden Street, Suite 700
Baltimore, Maryland 21201
(410) 837-6995
(410) 837-6995 (facsimile)
michelle@lawrencelawllc.com


Christopher Bayh (admitted *pro hac vice*)
Barnes & Thornburg LLP
1717 Pennsylvania Ave NW #500
Washington, DC 20006
Tel (202) 289-1313 | Fax (202) 289-1330
Chris.Bayh@btlaw.com

*Counsel for Defendant Walden University, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on 15th day of June, 2023 a copy of the foregoing was served through the CM/ECF system for the United States District Court for the District of Maryland on all parties and counsel of record.

                                              */s/ Michelle Noorani*
                                              Michelle Noorani, Fed. Bar # 26438