# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

January 19, 2024

LETTER TO PARTIES AND COUNSEL OF RECORD

Re:    *Livingstone v. Walden University, LLC*
       Civil No. 22-3096-BAH

Dear Counsel and Parties:

      This case was closed on December 20, 2023. ECF 79. Notwithstanding the closure of the case, I am in receipt of Defendant's renewal of its notice to file a motion for injunctive relief ("renewal notice"), ECF 82. The renewal notice and the underlying incorporated notice ("injunctive relief notice"), ECF 48, seek leave from the Court to file a motion requesting "vexatious litigant" injunctive relief against Plaintiff Michael O. Livingstone. ECF 82, at 1; *see also* ECF 48, at 2–4.

      "[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . . Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Here, Defendant seeks to move this Court to enjoin Mr. Livingstone "from filing further lawsuits against colleges and universities (and their affiliates and personnel) without first obtaining leave this Court, or from the proposed forum court." ECF 48, at 3. Defendant bases this request upon Mr. Livingstone's litigation history in this district and others, as well as "a pattern of harassing conduct in this case." *Id.* The parties briefly discussed Mr. Livingstone's conduct and Defendant's injunctive relief notice during a telephone conference with Judge Griggsby on April 11, 2023. ECF 52. Though Judge Griggsby took no action at that time, she reviewed the relevant rules of civil procedure governing the conduct of litigants, including the explicit requirement that pleadings and motions filed by any party are not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11 (b)(1).

      Mr. Livingstone's conduct before Defendant filed the injunctive relief notice does raise concerns, particularly Mr. Livingstone's "Request for Judicial Notices . . . and [] Intent to file Cross-Motion for Sanctions," ECF 49, wherein Mr. Livingstone threatened Defendant with a "spiritual curse." *Id.* at 12. Since the parties' April 11 teleconference with Judge Griggsby, however, Mr. Livingstone has not filed any threatening or disparaging documents on par with the content of ECF 49. Though Mr. Livingstone filed multiple documents that were sometimes repetitive, those filings were requests for extensions of time, requests for leave to file documents beyond the page limits, or briefs advancing a substantive argument. *See* ECFs 54, 59, 61–65, 80.

      Enjoining an individual from bringing litigation in the courts is an extreme measure that

should only be taken in the most serious circumstances. *Cromer*, 390 F. 3d at 817. Here, though Defendant's concerns are not without cause, the Court declines to reopen this case to allow for the filing of a motion seeking to enjoin Mr. Livingstone's conduct when he largely ceased filing threatening or disparaging documents on the docket after the parties' conversation with Judge Griggsby. As such, Defendant is not granted leave to file a motion seeking injunctive relief against Mr. Livingstone, and this case remains closed.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States District Judge