===============================================================
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)
===============================================================

| | | |
|---|---|---|
| MICHAEL O. LIVINGSTONE | : | |
| *Plaintiff* | : | |
| vs. | : | |
| | : | Case No:1:22-cv-03096-BAH |
| WALDEN UNIVERSITY, LLC; | : | |
| *Defendant* | : | |

===============================================================

**PLAINTIFF'S NOTICE OF APPEAL AS TO ORDER-OPINION (i.e. ECF Nos. 78 &79); incorporating Plaintiff's final warning against defendant/defense counsel's recalcitrant vexatious behavior despite oral and written orders by two District Judges (ECF Nos. ECF Nos. 40, 49 & 50, 52, 82, 83)**

===============================================================

NOTICE IS HEREBY GIVEN that Plaintiff Mr. Michael O. Livingstone ("Plaintiff") proceeding *pro se* appeals the order of the U.S. District Court for the District of Maryland that was entered by Honorable Brendan Abell Hurson on December 20, 2023 (ECF Dkt Nos. 78 &79) that is attached herewith as Exhibit "A" to the U.S. Court of Appeal for the Fourth Circuit.[1]

---

1

### I.    Ancillary matters

Plaintiff congratulates Honorable Hurson for being a recent-sworn U.S. District Judge (October 2023). Plaintiff extends gratitude to Judge Hurson for expressing sympathy as to how some of the issues in this case affected Plaintiff such as Plaintiff's housing unlike the defense who now go *ad nauseum* post judgment to attempt to renew their shapeless, stinkard, inane, crotchety so-called "motion for injunction against plaintiff" for so-called harassment of asserting and exercising his constitutional rights to sue Walden and other entities (ECF No. 82). Plaintiff thanks Judge Brendan for his judicial prudence in ECF No. 83 denying defendant's ECF No. 82.

*Cont'd next page…*

**II. Plaintiff's final serious WARNING against adamant defendant and its defense counsel incorporating Plaintiff's ECF Nos. 40, 49 & 50, as this case escalates to Fourth Circuit Appeal. Plaintiff will place his professionalism aside to use his free speech rights to equally and verbally attack Defense counsel's *genitals* if defense counsel cannot be wise enough to respect the honor of the courts and the Judges to stay away from Plaintiff's decades' old and/or settled cases against other entities that are not named in the caption of this instant case, and mind their own business of this case itself, after two federal District Judges have demonstrated judicial prudence to focus on this case itself without references to those cases or genitals.**

1. As a threshold matter, during the April 11, 2023 telephonic status conference (ECF Nos.44 & 52), the previous District Judge Honorable L.K. Griggsby exercised judicial prudence when she advised defendant and defense counsel that she will not consider defendant's references to "plaintiff's previous lawsuits against other entities" because she wants to focus on this instant case itself. She told defense counsel in open court session to restrict their arguments and presentations to this instant case before the court. Plaintiff expressly thanked Judge Griggsby when he replied that she was very prudent to focus on this case itself. *Id.*

2. Now, Judge Hurson took over this case on Octobers 23, 2023 and he has been equally prudent to focus on this case itself because no part of Judge Hurson's order and opinion entered on December 20, 2023 (ECF Nos. 78 &79) referred to Plaintiff's previous lawsuits against other entities as grounds to grant defendants' motion to dismiss at all. Moreover, Judge Hurson has denied defendant's motion for leave to file that motion for injunction against Plaintiff (ECF No. 83).

3. Common sense dictates that after two federal District Judges refused to make ad nauseum references to genitals and they failed to digress to use Plaintiff's previous lawsuits against other entities as grounds to dismiss Plaintiff's complaint, Defendants should equally be wise to put that shapeless motion to rest. However, defendants have continued their preposterous harassment when they filed post judgment ECF No.82 with wantonness, actual malice, and reckless disregard to principles of judicial economy and judicial efficiency.

4. This instant final warning comes because of defendant's adamant and recalcitrant repetitive conduct of endlessly seeking shapeless injunction against Plaintiff from filing lawsuits because when defendant submitted their first intent to file that motion for injunction against Plaintiff (ECF No. 43), at the time, Judge Griggsby denied defendant's intent to file that motion. Indeed, during the April 11, 2023 status conference, Judge Grigssby interrupted defense counsel when Judge Griggsby asserted that she wants to focus on the substance of this instant case itself before her. Plaintiff agreed with Judge Grisggsby that he also wants to focus on this case itself. However, defense attorney orally continued to divert Judge Griggsby's attention to defendant's intent to file their shapeless malicious motion when defense attorney started referring Judge Griggsby to plaintiff's previous decades' old settled lawsuits against other institutions that have nothing to do with this case against Walden itself (*see* transcript at ECF No.52).

*Cont'd next page…*

5. It is not true that Judge Griggsby ordered that she is placing defendant's intent to file that motion on abeyance. Indeed, Judge Griggsby never entered a written order expressly stating that she has placed defendant's intent to file that motion on abeyance. At all times when Judge Griggsby placed any party's intent to file a motion on abeyance, she entered a written order to that effect. For example, in ECF No. 36, Judge Griggsby expressly entered an order placing Plaintiff's intent to file a motion for preliminary injunction against Walden "on abeyance" pending adjudication of defendant's motion to dismiss to determine jurisdiction. Judge Griggsby expressly entered an order placing on abeyance Plaintiff's intent to file Rule 4(d) motion for reimbursement of process service fees, in ECF No. 36, which Judge Hurson recently granted in part (ECF No. 81) after adjudication of defendant's motion to dismiss (ECF Nos. 78-79). Reasonable minds will agree that if indeed Judge Griggsby placed on abeyance defendant's intent to file their motion for injunction against Plaintiff's so-called *harassment* for asserting his rights to sue, then Judge Griggsby would have expressly entered an order to that effect.

6. The docket shows (ECF No.53) that Judge Griggsby denied *all* other intents to file any motions with the exceptions of the ones she ordered to be placed on abeyance, because Judge Griggsby entered an order stating that going forward, the parties must file a *motion for leave to file* any other subsequent motions the parties want to file—no more "intents to file." Thus, what has happened now is that defendant's are harassing Plaintiff and disregarding this court's oral and written order denying their repetitive shapeless intents to file that motion by revisiting their rejected intent to file that motion in ECF No.82. That is a sanctionable act.

7. In 2023, defense attorneys went to the extent to making unwarranted written references to Plaintiff's **genitals** in defendant's motion to dismiss and their intents to file motion for injunction against pro se Plaintiff for harassment of asserting his right to sue them.

8. Defendants and defense counsel demonstrated vexatious, recalcitrant, and harassing litigation by endlessly ignoring plaintiff's admonitions and the court's oral and written orders declining to entertain their motion. Here is the pattern of defendant's recalcitrant vexatious conduct on this case docket:

First, in his March 8, 2023 filing (ECF No. 40), Plaintiff advised defense counsel to stop making those references to Plaintiff's previous decades' old or settled cases against other entities that are not named in the caption of this instant case. Defense counsel disrespectfully failed to do so.

Second, in April 11, 2023 filing (ECF No. 49 & 50), Plaintiff once again admonished defendant and defense counsel both in writing and orally during the telephonic conference to stop making references to Plaintiff's previous decades' old or settled cases against other entities that are not named in the caption of this instant case. Defendant and defense counsel disrespectfully failed to do so despite Judge Griggsby orally interrupting and ordering defense counsel to keep their argument on this instant case against Walden itself.

*Cont'd next page…*

Notwithstanding Plaintiff's oral and written admonitions and objections on the record, as well this court's oral and written orders against defense counsel, on January 18, 2024, defendant revisited the same rejected issue by filing ECF No. 82 and continued to mischaracterize and attack Plaintiff as "vexatious-litigant" and "harasser" for suing them and other entities, and asking the district court for leave to file a motion for injunction against Plaintiff for suing them and other entities. Now, on January 19, 2023, Honorable Hurson has entered an order (ECF No.83) denying defendant's motion for leave to file such a motion for injunction against Plaintiff.

At this juncture, Plaintiff expects and hopes that defense counsel/defendant will emulate the emotional maturity and prudence of the District Judges be wise to stop this immature and recalcitrant vexatious behavior now that a whole honorable federal District Judge Honorable Hurson has entered an order ECF No. 83 expressly denying defendant's request for leave to file that shapeless ludicrous "motion for injunction against Plaintiff for suing other entities" not named in the caption of this case.

In life, basic common sense requires an educated person like an attorney with a JD degree behind his name to be wise to respect other people's genitals and mind their own business to stay focused on this case against Walden, not digress into Plaintiff's previous cases against other entities when you are expressly told you to "mind your own business" of this case against you. It is imprudent to knowingly cross that boundary. A Lawyer should be wise to demonstrate mature behavior, exercise restraints, respect other people's rights or boundaries, and the honorable court and Judges.

Consequently, today, Plaintiff places a written warning on the public docket that **if defendant continues that recalcitrant behavior to make such *prejudicial references* to those previous or decades' old or settled cases especially his genitals to the Fourth Circuit Court Judges too, then Plaintiff will lay aside his professionalism and use his free speech rights to verbally insult the genitals of the defense counsel on the docket**.

This is Plaintiff's last warning to defense counsel and I am serious. If counsel remains recalcitrant to comply, I will use my first amendment free speech rights to talk about your genitals too and you will never forget it because you keep crossing a personal line despite repeatedly being admonished to STOP and mind your own business of this case itself.

At a minimum, when defense attorney Mr. Bayh attended law school, he was taught to respect the honorable court, Judges, and litigant's rights when they assert it. Counsel must respect the fact that the two prudent federal judges who have handled this case even purely focused on this case without making prejudicial references to the fact that Plaintiff has previously sued Universities before. Defense counsel must respect the honors of the upcoming higher Fourth Circuit Judges and "mind your own business" of this instant case itself in that higher court.

*Cont'd next page…*

Respectfully submitted,

s/Michael O. Livingstone, *pro se*
P.O. Box 34246
Philadelphia, Pennsylvania 19101
Telephone: 856-676-6951
Email: mikeliving40@gmail.com

Dated: January 19, 2024

---

      Defendant and defense counsel is not the only one with rights in this country. This is America – land of the free with freedom to access the courts-- this is not North Korea.
      Other people have rights to sue anybody to test their claims and you should be wise enough as an educated lawyer to respect people's constitutional right to petition. Just because someone lost a case does not make that person a vexatious -litigant.

      **Word of advice to Defense counsel:** Defense counsel will be better served with financial rewards if he successfully files such motion for injunction against former US President Donald Trump to hold him as vexatious litigant from filing lawsuits because Mr. Trump has over 300 lawsuits in his name and counting.

      This recalcitrant vexatious conduct by defense counsel and defendant must simply STOP. As the saying goes, "a word to the wise is enough." Refocus your focus on the issues in this case itself as we now move to the circuit court. Plaintiff wants to argue the law in this case itself.

# Certificate of Service by Fed. R. Civ. Proc. 5

      I, Michael O. Livingstone hereby state that around January 19, 2024 , I presented the foregoing to this Court for filing and by Fed. R. Civ. Proc. 5's applicability to Attorney ECF filers, I caused the same to be electronically served upon Defendant's Attorneys of record as follows:

Chris Bayh, Esquire
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204
Email: Chris.Bayh@btlaw.com

      &

Christopher Michael Finke, Esquire
The Warehouse at Camden Yards
323 W. Camden Street, Suite 700
Baltimore, MD 21201
Email: christopher@lawrencelawllc.com

                                           Respectfully Submitted,

                                           Michael O. Livingstone, *pro se*
                                           P.O. Box 34246
                                           Philadelphia, Pennsylvania 19101.
                                           Email: mikeliving40@gmail.com
                                           Telephone: 856-676-6951

Dated: January 19, 2024