IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

MICHAEL O. LIVINGSTONE,     )
                           )
       Plaintiff,      )
     vs.               )
                           ) CIVIL NO.:
WALDEN UNIVERSITY, LLC,   ) 1:22-cv-03096-BAH
                           )
       Defendant.      )
_____)

Baltimore, Maryland
April 11, 2023

TRANSCRIPT OF PROCEEDINGS
**TELEPHONE CONFERENCE**
BEFORE THE HONORABLE LYDIA KAY GRIGGSBY

For the Plaintiff:

    Michael O. Livingstone, Pro Se

For the Defendant:

    CHRISTOPHER BAYH, Esquire
    Barnes & Thornburg LLP
    1717 Pennsylvania Ave NW, #500
    Washington, DC 20006

    ERINN M. MAGUIRE, Esquire
    Maguire Law, LLC
    1500 Sulgrave Avenue
    Baltimore, MD 21209

Proceedings Recorded by Audio Recording
Transcript Produced By Computer-Aided Transcription

```
 1                     P R O C E E D I N G S
 2         (2:05 p.m.)
 3              THE CLERK:  Michael O. Livingstone versus Walden
 4    University, LLC.  The matter now pending before the Court is a
 5    telephone conference.  Will Mr. Michael O. Livingstone,
 6    plaintiff, please introduce himself for the record.
 7              MR. LIVINGSTONE:  Yes.  This is Michael O.
 8    Livingston, plaintiff, proceeding pro se.
 9              THE CLERK:  Thank you.  Counsel for the defendant,
10    will you please introduce yourself for the record.
11              MS. MAGUIRE:  Yes.  Good afternoon, Your Honor.
12    Erinn Maguire from Maguire Law on behalf of Walden University,
13    LLC.
14              MR. BAYH:  Good afternoon, Your Honor.  Christopher
15    Bayh --
16         (Simultaneous speakers.)
17              MR. BAYH:  -- from Barnes and Thornburg, also for the
18    defendant, Walden University.
19              THE COURT:  Good afternoon, Mr. Livingstone and
20    counsel.  Thank you so much for being here this afternoon and
21    thank you to our courtroom deputy.  As a reminder, if all
22    parties could kindly put your devices on mute unless you are
23    speaking so we can avoid a little background noise that the
24    Court is picking up and make sure that we can all hear each
25    other clearly.
```

1    As indicated, before the Court this afternoon is the

2  matter of Michael O. Livingston versus Walden University,

3  Number 22-3096.  The Court understands that Mr. Livingstone is

4  a former student of Walden University, and in this case he

5  alleges that the school failed to assist him in obtaining

6  certain student loans to address his cost of attendance during

7  his tenure at the school.

8    Mr. Livingstone has filed a multicount complaint alleging

9  a number of legal claims including negligence, malfeasance,

10  false statement, consumer fraud, retaliation, violations of

11  Equal Credit Opportunity Act, as well as tortious

12  interference -- tortious and intentional interference.

13  Mr. Livingstone is seeking monetary damages as well as

14  injunctive relief in this case.

15    As a background, the Court understands that

16  Mr. Livingstone initially filed this matter on November 30 of

17  last year, and since that time he has amended the complaint on

18  December 12 of 2023.  Since we've started this year, both sides

19  have filed a number of notices of intent to file motions before

20  the court.  They include plaintiff's notice of intent to file a

21  motion for reimbursement of process servicing costs.  On

22  January 16 plaintiff also filed a notice of intent to file a

23  motion for a preliminary injunction.  On January 29, plaintiff

24  filed correspondence with the Court also seeking to file

25  motions with the Court.

1    On February 1st the Court held in abeyance these matters

2    pending a response from the defendant to the amended complaint.

3    That response has come in, the defendant has moved to dismiss

4    this matter pursuant to Federal Rule of Civil Procedure

5    12(b)(1) and (b)(6).  That motion was filed on February 24th of

6    this year.

7        At that time the Court also issued a scheduling order to

8    fully brief the pending motion to dismiss, and I believe

9    according to that order, Mr. Livingstone's response to the

10   motion to dismiss is currently due on April 14th, and the reply

11   brief from the defendants will be due on May 5th, and at that

12   point that motion will be fully briefed.

13       Plaintiff has also filed several other notices with the

14   Court since then.  On March 8th, Mr. Livingstone filed a notice

15   of admonition regarding the defendant.  On March 16th,

16   Mr. Livingstone also filed a notice of intent to file motions

17   for contempt of court.  [Indiscernible] and vacate the briefing

18   schedule in this matter.

19       On March 15 the defendants filed a notice of intent to

20   file a motion to quash an alleged subpoena in this case.  On

21   March 17, defendant filed -- filed a motion to dismiss.  On

22   March 17 plaintiff also filed a notice of intent to file a

23   motion for sanctions in this case.  On April 5 defendant filed

24   a notice of intent to file a motion for injunctive relief,

25   [indiscernible] filing.

 1          Today plaintiff also filed a request to take judicial

 2   notice of certain information in support of his notice of

 3   intent to file a motion for sanctions.

 4          In other words, there are a number of proposed motions

 5   pending before the Court.  It appears that we are really in

 6   need of some case management in this case, so in light of that

 7   the Court wants to begin by sharing a few observations and then

 8   it will invite Mr. Livingstone to then share briefly his

 9   understanding of what this case is about.

10          Before we deal with that, I want to first raise with the

11   parties Federal Rule of Civil Procedure Number 1 which

12   requires, among other things, that the Rules of Civil Procedure

13   should be construed, administered and employed by the court and

14   by the parties, to secure the just, speedy and inexpensive

15   determination in every action and proceeding.  So that rule

16   will guide both this Court's conduct as well as the

17   parties' conduct in terms of heading this litigation towards a

18   just, fair and speedy resolution.

19          The Court also would like to bring up to the parties Rule

20   11 of the Federal Rules of Civil Procedure which addresses the

21   filing of pleadings and the responsibilities of both counsel

22   and pro se plaintiffs.  That rule provides "by presenting to

23   the court a pleading, written motion or other paper -- whether

24   by signing, filing, submitting or later advocating it -- an

25   attorney or unrepresented party certifies that to the best of

1  the person's knowledge, information and belief formed after an

2  inquiry reasonable under the circumstances, it was not being

3  presented for any improper purpose such as to harass, cause

4  unnecessary delay or needlessly increase the cost of

5  litigation."

6      So that rule will also guide our discussion today as we

7  look for a way to manage this case and resolve the pending

8  motions to dismiss as well as to address various proposed

9  motions of the parties.

10      With that brief overview, the Court again welcomes

11  Mr. Livingstone and counsel for the defendant.

12  Mr. Livingstone, I'm going to start with you.  If you want to

13  briefly tell the Court what your case is about and what relief

14  you are seeking, please.  Please go ahead.

15          MR. LIVINGSTONE:  Thank you very much, Your Honor.

16  I'm Michael Livingstone and this case is a civil rights case.

17  It involves retaliation and it also involves state torts causes

18  of action.  It's a direct [indiscernible] case and so I would

19  like the Court to make a choice of law analysis as to the

20  relevant law that we should go with.

21      This case involves me being a student at Walden

22  University, a graduate student, and during that time Walden

23  involving my student financial aid.  I believe that there was

24  discrimination involved, and there was also negligence of duty.

25  And there was also retaliation over that and the complaint --

1    on the face of the complaint, I had to include my pleadings and

2    the facts supporting it.  So that is what this case is about

3    and the injuries that it caused me.

4              THE COURT:  Mr. Livingstone, when did you attend

5    Walden University?

6              MR. LIVINGSTONE:  I believe it was in the year

7    2014.

8              THE COURT:  2014?

9              MR. LIVINGSTONE:  Yes, I believe that.  I have to

10   look, I was attending and leaving.  I enroll in sometimes in

11   [indiscernible] of options so have to take a closer look at

12   that and then...

13             THE COURT:  Are you currently enrolled at the school?

14             MR. LIVINGSTONE:  No.  Apparently I graduated.  I was

15   admitted in 2020 in Walden University, and apparently I

16   graduated last December.

17             THE COURT:  You graduated?

18             MR. LIVINGSTONE:  Yes, Your Honor.

19             THE COURT:  Okay, wonderful.  Are you currently in

20   school now or working?

21             MR. LIVINGSTONE:  Yes, I'm currently in school again,

22   at Rowan University.  I'm taking some science courses that I

23   need to further my education in a Ph.D. program.

24             THE COURT:  I don't want to spend a lot of time on it

25   but just in looking through your complaint -- because the Court

1  did review your complaint before our status today -- I see a

2  number of claims in your case including a Civil Rights Act

3  violation, Equal Credit Opportunity Act claim, admission

4  malpractice, fraudulent misrepresentation, false advertisement,

5  negligence and a number of claims under Maryland laws.  Is that

6  generally a fair representation of your case?

7             MR. LIVINGSTONE:  Yes, Your Honor.

8             THE COURT:  And what are you seeking in terms of

9  relief, Mr. Livingstone?  What do you want the school to do?

10             MR. LIVINGSTONE:  I would like the school to

11  compensate me for the damages that it caused to me during the

12  time that they mishandled my financial aid and the

13  discrimination and the retaliation that happened.

14             THE COURT:  Is there an amount of money that you're

15  seeking?

16             MR. LIVINGSTONE:  In general terms, I could -- [noise

17  interference] -- complaints applicable under the statute.

18             THE COURT:  Okay.  Are you also seeking anything else

19  besides money?  [Noise interference] -- proposed to file a

20  motion for preliminary injunction -- [noise interference]

21             MR. LIVINGSTONE:  Yes, Your Honor.  I filed an intent

22  to move the Court for preliminary injunction at that time which

23  the Court placed on a -- [noise interference] -- to respond so

24  I would like a preliminary injunction as well.

25             THE COURT:  Thank you so much, Mr. Livingstone.  If

1  you could go on mute because we're getting feedback.  It's hard

2  for the Court to hear.  Go on mute and we'll have you back

3  momentarily.

4           MR. LIVINGSTONE:  Yes.

5           THE COURT:  I'd like to hear from Ms. McGuire and

6  Mr. Bayh on behalf of defendant.  Mr. Livingstone, can you go

7  on mute.

8           MR. LIVINGSTONE:  Okay, yes, Your Honor.

9           THE COURT:  Okay, thank you so much.

10     Ms. Maguire, Mr. Bayh, whoever would like to speak on

11  behalf of defendant, if you could in general say who your

12  client is and generally your understanding of the case, and

13  we'll jump into how we're going to move the case forward.

14     Ms. Maguire.

15           MS. MAGUIRE:  Thank you, Your Honor.  I'd actually

16  probably defer to Mr. Bayh as an overall statement.

17           THE COURT:  Mr. Bayh, go ahead.

18           MR. BAYH:  Thank you, Your Honor.  Thank you for the

19  opportunity to appear today.  We've already filed a motion to

20  dismiss, Document No. 43, where we lay out why we believe that

21  this lawsuit does not plead a justiciable injury and does not

22  plead any cognizable claims.  We'd be happy to discuss that in

23  as much detail, or none, as you'd like.

24     We more than anything, though, wish this to be as normal a

25  case as possible, and as we have indicated to the Court in a

1  notice of motion that Your Honor described a moment ago for

2  injunctive relief for the harassing conduct that has taken

3  place in this case that we have seen taken place in other

4  cases.  We will abide by in-court order.  We simply wish this

5  to be a -- we ask the Court's help in making this an orderly

6  case and to reduce harassments, to reduce threats which have

7  been repeated as recently as a filing made earlier today.

8          THE COURT:  Mr. Bayh, let's be more specific because

9  you're making allegations and I'll give Mr. Livingstone a

10 chance to respond.  Let's talk about this case.  The Court has

11 read your notice.  My focus right now is this case and getting

12 this case to a just, speedy and fair resolution.  So what

13 conflict has occurred in this case that is of concern to the

14 defendant?

15         MR. BAYH:  Thank you, Your Honor.  We have not had a

16 chance to read in detail the filing made earlier today, but I

17 believe it's Docket No. 49 is, I believe, a 14-page document

18 that includes what I think we would interpret as threats

19 against counsel and against the defendants.  I'd like Your

20 Honor to read that if you have not had a chance to do so.

21         THE COURT:  I'm going to pull it up right now.  Are

22 you talking about the document that was filed earlier today by

23 Mr. Livingstone?

24         MS. MAGUIRE:  Yes, Your Honor.

25         THE COURT:  Document 50, that's not it?  43 --

1          MR. BAYH:  I believe it's 49.

2          THE COURT:  49.  I have a document called -- request

3    of the Court to take judicial notice of certain information.

4    Is that the one you're referring to, counsel?

5          MR. BAYH:  Yes, Your Honor.

6          THE COURT:  Mr. Livingstone, you might want to pull

7    that document up, be looking at it as well.  I'll come to you

8    when I finish talking to Mr. Bayh.

9       Go ahead, Mr. Bayh.

10         MR. LIVINGSTONE:  Your Honor, may I --

11         THE COURT:  Just a moment, Mr. Livingstone.

12         MR. LIVINGSTONE:  Okay.

13         THE COURT:  I'll recognize you, but right now I want

14   to talk to Mr. Bayh.  I want to make sure you have the document

15   in front of you so you can follow along.

16      Mr. Bayh, go ahead.  What's the problem with Filing

17   No. 49?

18         MR. BAYH:  Thank you, Your Honor.  Three things very

19   briefly.  One is this is the latest, I believe, of several

20   dozen filings made by Mr. Livingstone in this case that don't

21   seem to be targeted towards any discernible purpose.  Your

22   Honor's scheduling order, standing order helps us resolve that

23   issue because it requires timely notice of motion.  But I think

24   my co-counsel and I were in particular troubled by Section 16

25   and 17 of this document, pages 11 and 12, where Mr. Livingstone

1    refers to his past practice of suing attorneys who oppose him

2    in litigation in point 16 and point 17.

3         Your Honor, I don't know how to describe it but if Your

4    Honor reviews page 12, Section 17, it is -- I speak for myself

5    personally, I find it to be rather disturbing and pretty

6    clearly threatening.

7         THE COURT:  You're talking about pages 11 and 12.

8         MR. BAYH:  Yes, Your Honor.

9         THE COURT:  I'm reading that now, all right.  Is this

10   the only example of conduct of this type of behavior, or is

11   there anything else you want to bring to the Court's attention

12   in terms of concern, Mr. Bayh?

13        MR. BAYH:  Just the pattern of filing in this case so

14   far, Your Honor, and the general tone in the case.  Also an

15   email that we received from Mr. Livingstone I believe we both

16   interpreted to be rather threatening, instructing us to mind

17   our own business -- I can paraphrase -- instructing us to mind

18   our own business; otherwise, consequences would be faced.

19        THE COURT:  Thank you very much, Mr. Bayh.

20     Mr. Livingstone, do you want to briefly speak to your

21   filing of today, your request for the Court to take judicial

22   notice, in particular on page 11 and 12, where your opposing

23   counsel raised some concerns about the tone of your filing?

24        MR. LIVINGSTONE:  Yes, Your Honor.  Thank you very

25   much for the opportunity to respond to that.  I'm very

1   disturbed about the way counsel has approached this case.

2   First of all, Your Honor, you asked him to tell you about the

3   matters of this case which you asked the same question to me,

4   and then he digressed to talk about he's seeking an injunction

5   against me about my rights to petition the Court.  That is an

6   issue to me because you asked me the same question, and I

7   answered it about the merits of the case and what this case is

8   about and how we can resolve it.

9        He digressed to talk about my previous cases against some

10  other university which has nothing, absolutely nothing to do

11  with this instant case.  And I'm happy that, Your Honor, you

12  pointed it out to him that he should talk about this case.

13       My issue with this counsel is that he took [indiscernible]

14  to go and look into my cases against other universities and

15  telling me that this Court should issue an injunction against

16  me from suing anybody.  I am an American regardless of my

17  accent.  I am an American regardless of my black in color.  And

18  I can sue anybody who tampers with my rights.  He call that to

19  be a threat.  I comport the many case laws that have

20  established time and time again that telling somebody that you

21  are going to sue them is not a threat or actionable threat of

22  violence.

23       I have a right to tell anybody that I can sue them.  This

24  counsel is saying that me telling him that I can sue them or

25  sue is a threat, that is disturbing.  The fact is he should

1    not go into my other cases and stay into this case and respond

2    this case because we have 15 counts to deal with.  They are

3    complex issues of law which is why this same attorney requested

4    the Court for 30 days and then 14 days to file a response to my

5    motion.  He said because of the complexity of the issues.

6        So why doesn't he just focus on the complexity of the

7    issues instead of talking about a 13-year-old case that I filed

8    at some other university which has nothing to do with this

9    case.  I have not threatened this attorney, but I want to

10   caution on the record that he should keep in mind his own

11   business which is this case, and that's what I need.

12   Because we have to stay focused and not distract ourselves with

13   other cases that have nothing to do with this case.

14       And that is the standard of review.  The standard of

15   review requires this Court to stay within the Rule 12(b)(6)

16   standard which is issues that are presented on the face of the

17   complaint, not beyond that, the four corners rule.  This is

18   what this attorney is doing, he is saying that I shouldn't file

19   anything.  No, we are adversaries here.  We are adversaries in

20   this litigation.  He can file what he wants, and I can also

21   what I want.  He is saying that I repeatedly filed, yes, I have

22   a right to file.  I have a right to come to the Court.  I have

23   a right to raise an issue before the Court.  That's purely my

24   constitutional rights.  He's saying just because I filed them,

25   that you issue injunction against me -- no, it's not law.  He's

1  not above the law.

2      This is America.  It's a litigious society.  You sue

3  somebody, somebody can also sue you.  I have a right to sue

4  anybody and that is not a threat.  And if he considers it as a

5  threat, then so be it because I will threaten to sue him and

6  sue him over again because --

7          THE COURT:  Mr. Livingstone, Mr. Livingstone, thank

8  you very much.

9          MR. LIVINGSTONE:  Yes, Your Honor.

10          THE COURT:  The Court does appreciate and understand

11  your view on this.  I'd like us to stay focused on how we're

12  going to move forward.  The Court is again going to revisit

13  Rule 1 which the Court read to the parties, in part, at the

14  beginning of our session which, again, directs the Court to

15  conduct this litigation in a way that will be just, speedy and

16  inexpensive in resolving the case.  So given that, my main

17  concern is making sure we proceed in a manner consistent with

18  that.

19          MR. LIVINGSTONE:  Yes, Your Honor --

20          THE COURT: -- filed a motion to dismiss.  The Court

21  has set a briefing schedule for the motion to dismiss.  Under

22  that schedule currently, Mr. Livingstone, your response to that

23  motion will be due on April 14th in a few days, and the

24  defendant will be responding to that motion or replying toward

25  that motion on May 5 and the Court will turn to resolving that

1    motion.  The motion to dismiss addresses all claims in this

2    case, so that is a very natural and, I think, appropriate place

3    for us to start consistent with Rule 1 in terms of moving the

4    case forward.

5         So the next thing that needs to happen in this case is for

6    the plaintiff to respond to the motion to dismiss, for that

7    motion to be fully briefed, and for the Court to resolve the

8    motion.  Given that, in the Court's view, the notice to file by

9    the plaintiff and the defense about a number of other motions

10   are not appropriate to be considered at this time until we

11   resolve whether or not the case should proceed.  And the Court

12   notes that one of the grounds for dismissal is whether this

13   Court even has jurisdiction to consider the case.  So we must

14   resolve that issue first

15        So what I'd like to talk to the parties about now is

16   constructively how we move forward.  We have a schedule.  I

17   want to find out whether or not we can keep that schedule, and

18   that will be our first step.

19        In terms of injunctions and other relief requested by the

20   defendant, again, my focus is this case.  But the Court is of

21   the view in this case there have been a number of filings

22   really from both sides proposing a number of motions that

23   really don't focus us where we need to be right now, which I

24   think is resolving the pending motion to dismiss.  So the Court

25   is inclined to direct that all parties not file any future

1  filings or notices without seeking leave of the Court first so

2  that we can focus on the motion to dismiss.

3      With that --

4          MR. LIVINGSTONE:  Your Honor --

5          THE COURT:  Just a moment.

6          MR. LIVINGSTONE:  I think that is very wise.  Thank

7  you very much.

8          THE COURT:  Thank you.  Mr. Livingstone, you are

9  currently scheduled to give a response to the defendant's

10 motion to dismiss on April 14.  Does that date still work for

11 you in terms of being able to get your responses?

12         MR. LIVINGSTONE:  Thank you very much, Your Honor.  I

13 actually filed a motion today for extension of time which is

14 No. 51 on the docket.  I would appreciate if the Court can look

15 at that --

16         THE COURT:  You filed a motion for extension of time

17 to respond to the motion to dismiss?

18         MR. LIVINGSTONE:  Yes, please, Your Honor.  I needed

19 a short extension of time --

20         THE COURT:  How much time do you need,

21 Mr. Livingstone?  I don't have it in front of me.  How much

22 time do you need?

23         MR. LIVINGSTONE:  About 20 days from today, please.

24         THE COURT:  What day is that?

25         MR. LIVINGSTONE:  That would be about May 2nd.

1          THE COURT:  May what?

2          MR. LIVINGSTONE:  May 2nd.

3          THE COURT:  May 2nd, okay.

4          MR. LIVINGSTONE:  Yes, Your Honor.

5          THE COURT:  You'd like to have until May 2nd, 2023 to

6    file your response to the motion to dismiss; is that correct?

7          MR. LIVINGSTONE:  Yes, Your Honor.

8          THE COURT:  Mr. Bayh, any objection to that request?

9          MR. BAYH:  No objection, Your Honor.

10         THE COURT:  All right.  Mr. Livingstone, I'll be

11   happy to grant your -- [noise interference] -- response now be

12   in on May 2nd, 2023.

13         In light of that, Mr. Bayh, what would you like to

14   have as new date for -- [noise interference]?

15         MR. BAYH:  Your Honor, I'm sorry, I'm having a bit of

16   trouble hearing you with the background noise.

17         THE COURT:  I'm sorry, Mr. Livingstone.  Can you go

18   on mute again.  We're getting feedback and I'm unable to hear

19   opposing counsel.  Please repeat, Mr. Bayh.

20         MR. BAYH:  I'm sorry, Your Honor.  In response to

21   your question, I said I wasn't able to hear you because of the

22   background noise.  Would you mind repeating Your Honor's

23   question.

24         THE COURT:  Just asking when you'd like to get your

25   reply brief in now that Mr. Livingstone's response will be

1    coming in on May 2nd.

2            MR. BAYH:  Sure.  I believe that the -- I'd ask for

3    Ms. Maguire's -- I believe that the local rules anticipate 14

4    days.  Is that right, Ms. Maguire?

5            THE COURT:  Correct.  Is that what you want --

6            MS. MAGUIRE:  Right, yes.

7            THE COURT:  -- 14 days?

8            MR. BAYH:  I'm trying to remember Your Honor's

9    scheduling order from when --

10           THE COURT:  Currently Mr. Livingstone's response is

11   due on April 14, and then defendant has until May 5 to file a

12   response.

13           MR. BAYH:  Thank you, Your Honor.  I believe that

14   would be a 21-day window.  Would it be too much of an

15   indulgence to request 21 days?

16           THE COURT:  May 26?

17           MR. BAYH:  I believe that would be May 23rd.

18           THE COURT:  May 23rd?

19           MR. BAYH:  Yes, Your Honor.

20           THE COURT:  All right.  So, again, Mr. Livingstone

21   will get his response in to defendant's motion to dismiss on

22   May 2nd of this year, and the defendant will file a reply brief

23   on May 23rd of this year.  At that point that motion will be

24   fully briefed and ripe for resolution by the Court which I

25   think is our first critical step in the case.  So the Court

1  will modify the scheduling order, Mr. Livingstone, to give you

2  that additional time and also to give the defendant additional

3  time to file their responsive brief.  That will take care of

4  getting at least that important business out of the way.

5       Again, coming back to the various notices, I am prepared

6  at this time to also enter an order holding all those notices

7  in abeyance until the Court resolves defendant's motion to

8  dismiss.  I can't really move forward if I don't have

9  jurisdiction, have to sort that out first, and I think there's

10 ample time for the parties to address the issue; the Court can

11 do so promptly once the papers come in on April -- I'm sorry,

12 May 23rd.  So the Court is also going to hold in abeyance the

13 various notices and motions that the parties have prepared to

14 file.

15      Lastly, the Court is going to put an order in place in

16 this case that neither party shall file any filings or motions

17 with the Court absent seeking, first, leave of the Court,

18 unless that filing has been authorized by a Court order.  So

19 there will be a court order in place with regard to briefing

20 the motion to dismiss.  The parties can file those papers

21 pursuant to that order.  But any other filing, motion, et

22 cetera, the party must first seek leave of the Court and

23 receive leave of the Court before any filings are made in this

24 case.  I don't think there's much else to do in this case until

25 we resolve the pending motion to dismiss.

1      Are there any questions about the Court's proposed order,

2  Mr. Livingstone?

3          MR. LIVINGSTONE:  Your Honor, thank you very much.  I

4  don't have any questions about that.  I think it's a prudent

5  and wise thing to do by the Court.

6      I just wanted to put before the Court if it is ripe for

7  the Court, No. 29, which is my process service fees in court.

8  If the Court can order them to pay that to me, that would be

9  very, very appreciated.  If not, we'll wait for the motion to

10  dismiss to be over, and then I can put that before the Court if

11  I can get my process service fees.

12          THE COURT:  Thank you, Mr. Livingstone.  All matters

13  will be held in abeyance until we resolve the motion to dismiss

14  because, as I indicated, among other things, the jurisdictional

15  question in the case.  The Court is aware of the motion, and of

16  course the defense will have an opportunity to respond to that

17  motion should we get to that point.

18      Mr. Bayh, any questions or comments from you in terms of

19  our path forward?

20          MR. BAYH:  No, Your Honor.  Thank you for the

21  clarity.

22          THE COURT:  All right.  Is there anything else we

23  need to discuss today before adjourning from the perspective of

24  the plaintiff, Mr. Livingstone?

25          MR. LIVINGSTONE:  No, Your Honor.  Thank you very

1    much.

2          THE COURT:  Thank you.  Anything further from the

3    defendant, Mr. Bayh?

4          MR. BAYH:  Nothing from me, Your Honor.  Ms. Maguire,

5    anything?

6          MS. MAGUIRE:  Nothing further.  Thank you, Your

7    Honor.

8          THE COURT:  All right.  Thank you, counsel.  With

9    that, the Court will issue an order shortly that's consistent

10   with our discussion today.  The Court looks forward to seeing

11   Mr. Livingstone's response on the pending motion to dismiss

12   next month and then hearing from the defendants towards the end

13   of the month.  Again, the Court will also be holding in

14   abeyance the other proposed motions of the parties as well as

15   directing the parties to seek leave of the Court before making

16   any additional filings or motions in this matter.

17       With that, the Court wishes everyone a good afternoon and

18   we may stand adjourned.

19         THE CLERK:  Thank you, everyone.  This Court is now

20   adjourned.

21         MR. BAYH:  Thank you very much, Your Honor.

22         MR. LIVINGSTONE:  Thank you.

23      (Proceedings concluded at 2:33 p.m.)

24

25

CERTIFICATE OF OFFICIAL REPORTER

I, Patricia G. Mitchell, RMR, CRR, do hereby certify that the foregoing is a correct transcript of the audio-recorded proceedings in the above-entitled matter.  The audio recorded via FTR Gold on April 11, 2023 was of poor quality, and I transcribed from the audio recording to the best of my ability and said transcript has been compared with the audio recording.

Dated this 17th day of February 2024.


*Patricia G. Mitchell*
_____
Patricia G. Mitchell
Official Court Reporter